[Crim. No. 1125.   Third Appellate District.—July 11, 1930.]

THE PEOPLE, Respondent, v. JIM MASOLINI, Appellant.

J. C. Hurley and L. D. Mooney for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was convicted of the offense of unlawful sale of intoxicating liquor. The information charged a prior sale and conviction, of which the defendant pleaded guilty, but interposed a plea of not guilty to the offense charged as the basis of this action. The appeal is from the judgment of conviction.

As a cause for reversal the appellant alleges that the trial court erroneously admitted testimony prejudicial to the defendant, brought out by the district attorney upon cross-examination.

The record shows that a deputy sheriff of Mendocino County and another person named Weger employed a man by the name of Harry Johnson to go to the place of business, to wit, a restaurant kept by the defendant, and solicit the purchase of intoxicating liquor. Johnson was provided with "marked" money, and before going to the place of business of the defendant was searched by the deputy sheriff to determine positively that he, Johnson, had no intoxicating liquor upon his person. Johnson went to the place of business of the defendant and there purchased drinks of whisky and also some ginger ale. While Johnson was engaged in this act, Weger and Fisk appeared upon the scene and arrested the defendant, who had concealed a flask of whisky upon his person. They also found the defendant in possession of the "marked" money. The defense was that Johnson brought the flask of whisky with him and was treating the defendant to a drink when the arresting officers arrived.

Upon the witness-stand the defendant was asked by his counsel the following question: "Did you make any statement at the time they found the whiskey on you? A. No, I don't say nothing, and I tell Mr. Fisk when I went down—I tell him—I says, 'Poor Jim, he is in trouble all the time,' because I know they framed up on me; I know they play a trick on me." Upon cross-examination in relation to this statement by the defendant, the district attorney asked the following questions: "Q. What did you mean when you said you were in trouble all of the time; had you been arrested before for intoxicating liquor?" To which the defendant objected on the ground that it was incompetent, irrelevant and immaterial. This objection was overruled, and the question was repeated in the following form: "Q. Had you not been arrested before on the charge of selling intoxicating liquor?" The objection being overruled, the defendant answered that he had. The district attorney then asked the following questions: "Q. How many times? A. Once. Q. How long ago? A. I don't remember; about three months before. Q. At the same place? A. Yes. Q. Is that what you meant when you said, 'Poor Jim is in trouble all the time'? A. No. Q. What did you mean by that? A. I don't even know myself."

On the part of the appellant it is urged that the admission of this testimony was unwarranted and that its admission constitutes prejudice and reversible error.

Upon the part of the respondent it is argued that this testimony is admissible for the purpose of showing prior sales of intoxicating liquor, and a number of cases are cited to the point that where the defendant interposed a similar defense to that which appears to have been made in this cause, that testimony of prior sales may be admitted under exceptions to the general rule excluding evidence of other offenses. The exception to the rule is clearly stated in 16 C. J. 606, as follows: "Evidence of other sales is admissible where there is a plain and definite issue as to whether the transaction charged constituted a sale, as where defendant claims that it was a gift or a mere act of hospitality," etc. Numerous cases are there cited supporting the rule just stated.

This rule, however, is not applicable to the present case. The testimony here elicited by the district attorney, and

sought to be elicited by him, did not relate to former sales of intoxicating liquor, and the overruling of the objections to the questions asked by the district attorney cannot be sustained on the theory of showing prior sales. The questions relate particularly and exclusively to the defendant's being arrested. This does not necessarily lead to a reversal of the judgment. ■ Section 1323 of the Penal Code reads: "A defendant in a criminal action or proceeding cannot be compelled to be a witness against himself; but if he offer himself as a witness, he may be cross-examined by the counsel for the People as to all matters about which he was examined in chief," etc. By his own testimony the appellant opened the door to the course of cross-examination pursued by the district attorney. By his own testimony to the effect that he was in trouble all the time, because· he knew that the officers were "framing" on him, that they were "playing a trick on him," he invited cross-examination as to what he meant by such language. While the questions of the district attorney might have very properly been couched in other language than that used, the law is well settled that upon cross-examination leading questions are admissible, and the district attorney had the undoubted right to ask a leading question as to what the defendant meant when he spoke of being in trouble all the time and being "framed on." The district attorney had thus the right to ask the defendant if he referred to former arrests as the trouble in which he found himself all the time.

■ We may further add that the reading of the testimony shows that the defense interposed was practically incredible, and under section $4\frac{1}{2}$ of article VI of the Constitution it would be impossible to hold that the defendant has suffered any prejudice if it were concluded that the ruling of the trial court was erroneous. The jury knew full well what the defendant meant when he said he had been ·in trouble all the time, and that the officers had been "framing on him." This testimony disclosed the whole story, irrespective of any further examination.

There being nothing further in this case requiring consideration, the judgment is affirmed.

Finch, P. J., and Thompson (R. L.), J., concurred.